UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARIE L. GARDNER, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>CNA FINANCIAL CORPORATION and CONTINENTAL CASUALTY COMPANY,<br><br>　　　　　　Defendants. | Civil Action No.: 3:13-cv-01918 (JBA)<br><br><br>FORM 26(F) REPORT OF PARTIES' PLANNING MEETING |

**Date Complaint Filed**: December 27, 2013.  Pursuant to prior court order, Plaintiff intends to file an amended complaint on or before March 24, 2014.

**Date Complaint Served**: January 2, 2014 (CNA Financial Corporation) and January 3, 2014 (Continental Casualty Company).

**Date of Defendants' Appearance**: January 25, 2014.  Pursuant to prior court order, Defendants' deadline to respond to the operative complaint on file is May 23, 2014.

　　　　　Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, the parties have conferred about the matters contained in this Report.  The participants were Sean K. Collins, Ex Kano S. Sams II, and Kara Wolke for Plaintiff Marie L. Gardner and Brent Austin, Tara Trifon, and John Seber for Defendants CNA Financial Corporation and Continental Casualty Company.

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and D. Conn. L. R. 16, plaintiffs and defendants (collectively "parties") hereby submit this Joint Report of Parties' Planning Meeting ("Joint Report").

**I.      Certification**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

**II.     Jurisdiction**

    **A.     Subject-matter Jurisdiction**

Diversity jurisdiction is based on 28 U.S.C. § 1332(d)(2) , as modified by the Class Action Fairness Act of 2005, because at least one member of the putative class is a citizen of a different state than defendants, and Plaintiff alleges that the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.  Plaintiff is a citizen of Connecticut, while Defendant CNA Financial is incorporated in Delaware and Defendant Continental Casualty Company is incorporated in Illinois.  Both Defendants maintain their principal places of business in Illinois.  Diversity jurisdiction is also based on 28 U.S.C. § 1332(a)(1), as the amount in controversy exceeds $75,000, exclusive of interest and cost, and Plaintiff and Defendants are citizens of different states.

    **B.     Personal Jurisdiction**

All parties are subject to the Court's jurisdiction.  Plaintiff is a citizen of Connecticut. Defendant Continental Casualty Company does business in the State of Connecticut.  Defendants

contend that CNA Financial Corporation is a holding company that does not, and has never, sold insurance or adjusted any insurance claim. Defendants contend that it is not a proper party to this case. Plaintiff contends that claim denial letters are written on CNA Financial Corporation letterhead and that it is a proper party to this case.

### III. Brief Description of Case

This case is a proposed class action stemming from the denial of coverage for long-term care benefits under policy form P1-15203-A06. Plaintiff Marie Gardner is a Connecticut resident who applied, and was denied coverage under her long term care policy.

**A.     Claims of Plaintiff:** Plaintiff alleges that defendants abruptly changed the policy interpretation for elderly policyholders and began denying claims for stays at assisted living facilities after decades of collecting tens of thousands of dollars in long term care insurance premiums from such policyholders – and paying claims for years while these consumers entered assisted living facilities. Plaintiff also contends that after orchestrating this covert change in policy interpretation that would save defendants millions of dollars in claims over the life of the policies at issue, defendants subsequently sought a 45% rate increase -which was later approved at 30% - from the State of Connecticut on this very group of policies.

Plaintiff asserts claims for: (1) violation of the Connecticut Unfair Trade Practices Act; (2) fraudulent misrepresentation; (3) negligent misrepresentation; (4) unjust enrichment; (5) breach of contract; (6) money had and received; and (7) bad faith.

**B.     Defenses and Claims of Defendants:** Defendants deny the material allegations in Plaintiff's complaint. Among Defendants' defenses will be that Plaintiffs' policy does not cover the long term care facility in which Plaintiff resides. Continental Casualty Company reached this decision in good faith. Plaintiffs' various claims of fraud and unfair claims handling

practices are without merit.  As to the proposed class, Defendants contend that no class could be certified on the facts of this dispute because individual bases for coverage decisions, and individual issues of purported fraud, are not susceptible to class treatment.  They require, among other things, individual inquiries into the facts and circumstances of each claimant's medical condition, the nature of the facility in which each claimant resides and the services provided to that claimant, and into what each claimant might have known or been told at all relevant times in his or her dispute.  As this purports to be a multi-state class, variations in state law also likely will preclude class certification.  Further, although investigation is continuing, it appears there may be fewer than 20 actual claim denials at issue in this case.

      **C.**      **Defenses and Claims of Third Party Defendants:**  Not Applicable

**IV.**      **Undisputed Facts**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The parties state that the following material facts are undisputed:  Ms. Gardner was issued a long-term care policy, policy number 076481851 and policy form P1-15203-A06, by Continental; Ms. Gardner was a member of the plaintiff class in *Pavlov v. Continental Casualty Company*, No. 07-02580 (N.D. Ohio); Ms. Gardner's claim was paid previously while a resident at The Village at Buckland Court; Ms. Gardner submitted a subsequent request for benefits while residing at this same facility; Ms. Gardner's claim was denied.

V.      **Case Management Plan:**

A.      **Standing Order on Scheduling in Civil Cases**

**Plaintiff's Statement**

Within the parties' Stipulation and Proposed Order Regarding Amendment of Complaint, Filing of an Answer or Response, Motion for Class Certification, and Motion for Preliminary Injunction ("Stipulation") filed on February 20, 2014, the parties proposed deadlines for the following events:

1.    Filing of an amended complaint – March 24, 2014;

2.    Filing of a motion for preliminary injunction – March 24, 2014; and

3.    Filing of defendants' response to plaintiff's complaint/motion for preliminary injunction – May 23, 2014.

Within the Stipulation, the parties indicated that they would agree to extend the deadline for plaintiff's motion for class certification and would propose a deadline in connection with this Joint Report. On February 24, 2014 – and construing the Stipulation as a Joint Motion for Extension of Time – the Court granted the extension of the deadline for the filing of an amended complaint, the filing of a motion for preliminary injunction, and the filing of defendants' response to plaintiff's complaint and motion for preliminary injunction.

With respect to plaintiff's motion for class certification, plaintiff proposes a deadline of May 23, 2014. Such a deadline will enable plaintiff to develop necessary legal and factual issues to file the motion. Additionally, plaintiff proposes a date of February 27, 2015 for the completion of discovery and a date of March 31, 2015, for the deadline to file motions for summary judgment. Because this case is a complex class action, plaintiff believes that such time is needed in light of the complex legal and factual issues involved in this case. Plaintiff requests

a deadline of February 27, 2015 to file motions to join additional parties and to file motions to amend the pleadings should ongoing discovery reveal the need to do so.

Plaintiff believes that bifurcation of class and merits discovery is inappropriate.  *See, e.g.*, *Manual for Complex Litigation*, §21.14, at 256 (Arbitrary insistence of the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes); *Lakeland Regional Medical Center, Inc. v. Astellas US, LLC*, No. 8:10-cv-2008-T-33TGW, 2011 WL 486123, at *2 (M.D. Fla. Feb. 7, 2011) ("The Court is not persuaded that phased discovery will conserve the resources of the parties or the Court.  This is because the line between 'class issues' and 'merits issues' is practically difficult, if not impossible, to determine."); *In re Semgroup Energy Partners, L.P., Sec. Litig*., No. 08-MD-1989-GKF-FHM, 2010 WL 5376262, at *3 (N.D. Okla. Dec. 21, 2010) (denying bifurcation of class and merits discovery because "discovery related to class certification is so closely intertwined with merits discovery that bifurcation would be unworkable.  An order restricting discovery to class issues would be impracticable because of the closely linked issues, and inefficient because it would be certain to require ongoing supervision of discovery."); *Beach v. Healthways, Inc*., 264 F.R.D. 360, 363 (M.D. Tenn. 2010) (holding that a deadline for completing class discovery did not permit a stay of merits discovery until after class certification was decided); *Gonzalez v. Pepsico, Inc*., No. 06-2163-KHV, 2007 WL 1100204, at *4 (D. Kan. Apr. 11, 2007) (holding that delaying merits discovery "while the court decides a series of legal issues would only postpone what could be a lengthy discovery period"); *In re Plastics Additive Antitrust Litig*., No. Civ.A. 03-2038, 2004 WL 2743591, at *3-*4 (E.D. Pa. Nov. 29, 2004) ("Failure to permit simultaneous discovery of merits-related and class-related issues will further delay the length of the overall discovery period, thereby inhibiting plaintiffs from receiving an expeditious resolution of their

claims" and "class certification discovery in this litigation is not 'easily' differentiated from 'merits' discovery"); *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40-41 (N.D. Cal. 1990) ("Discovery relating to class certification is closely enmeshed with merits discovery, and in fact cannot be meaningfully developed without inquiry into basic issues of the litigation.").

In addition, plaintiff believes that taking a phased approach to discovery and setting deadlines based on the Court's decision on class certification is not appropriate given that (1) plaintiff(s) intend to pursue this matter regardless of the class status, (2) the Connecticut Unfair Insurance Practices Act requires a demonstration that defendants' conduct was part of a "general business practice" which plaintiffs will seek discovery on regardless of whether this action proceeds as a class and (3) the advanced age of the plaintiffs in this matter necessitate a speedy resolution and following a phased approach will frustrate this.

**Defendants' Statement**

Defendants respectfully submit that setting a complete pretrial schedule will be most efficient after the Court has issued a decision on class certification, and in consideration of whether either party appeals that decision pursuant to Fed. R. Civ. P. 23(f). The Manual for Complex Litigation provides that "[c]ertification and class membership determine not only the stakes involved, but also the scope and timing of discovery and motion practice, the structure of trial and methods of proof, and the length and cost of the litigation." Manual for Complex Litigation, Fourth, § 21.11. "Whether a class is certified and how its membership is defined affects case management as well as outcome. Certification and class membership determine not only the stakes involved, but also the scope and timing of discovery and motion practice, the structure of trial and methods of proof, and the length and cost of the litigation." *Id*. at § 21.14. Thus, "[d]iscovery relevant only to the merits delays the certification decision and may

ultimately be unnecessary." *Id.*; *see also Reid v. Unilever U.S., Inc.*, No. 12 C 06058, 2013 WL 4050194, at *32 (N.D. Ill. Aug. 7, 2013) ("the Court first finds that bifurcated discovery will allow the Court to reach a decision on the issue of class certification more expeditiously than it otherwise would, as proceeding with merits discovery may delay the parties' submission of their briefs on the class certification issue"); *Harris v. comScore, Inc.*, No. 11 CV 5807, 2012 WL 686709, at *3 (N.D. Ill. Mar. 2, 2012) ("Proceeding with merits discovery, which may well involve the review of millions of documents not directly relevant to the issues of class certification, may delay the parties' submission of supplemental briefing on the class certification issue. Any delay would frustrate the court's effort to certify the action as a class action '[a]t an early practicable time,' as is mandated by Rule 23(c)(1)(A).").

Defendants believe the parties and the Court will best know the scope of the case, and be in the best position to assess the need for remaining class discovery, once the class issues are resolved. Defendants do not request that the Court bifurcate the proceedings or oppose all merits discovery prior to resolution of class certification. Defendants respectfully submit that it would be inefficient for the parties to engage in extensive discovery related only to the merits or prepare for a trial before class issues are decided. Further, Plaintiff's proposed schedule would have her filing her motion for class certification long before the close of discovery, and would allow potentially to submit further evidence with her reply brief, which would be unfair to Defendants. Plaintiff should be required to submit all evidence in support of her motion for class certification when she first files that motion.

Defendants thus propose that the Court set a status conference at the earliest time practicable after it has rendered its opinion on class certification, at which time the parties will submit a joint proposed addendum to the following schedule that addresses a schedule for new

discovery. Defendants request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

1. Fact discovery to commence upon the filing of the amended complaint, and shall focus on class certification and the susceptibility of the proposed classes to be certified, and such class-focused discovery shall be completed by the time plaintiff files her motion for class certification;

2. Plaintiff's memorandum of law in support of class certification, along with any and all supporting evidence (including any expert affidavit), due by August 29, 2014;

3. Depositions of plaintiff's class experts (if any) to be completed by October 3, 2014;

4. Defendants' memorandum in opposition to class certification, along with any and all supporting evidence (including any expert affidavit), due by October 24, 2014;

5. Depositions of defendants' class experts (if any) to be completed by November 28, 2014;

6. Plaintiff's reply brief due by December 19, 2014;

7. Class certification hearing to be set by the Court.

Defendants respectfully submit that setting a further pretrial schedule would be most efficient after the Court has issued its decision on class certification.

B.   **Scheduling Conference with the Court**

The parties request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b), as the parties have not reached an agreement with respect to

the appropriate case schedule. Because there are some counsel for the parties that reside outside of the state, the parties prefer a conference by telephone.

    **C.**    **Early Settlement Conference**

    1.    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement may be enhanced by use of the following procedure: An early mediation proceeding before a private mediator.

    2.    The parties do not request an early settlement conference.

    3.    The parties prefer a settlement conference with a private mediator.

    4.    The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

    **D.**    **Joinder of Parties and Amendment of Pleadings**

    1.    Pursuant to prior court order, Plaintiff has until March 24, 2014 to file motions to join additional parties and until March 24, 2014 to file motions to amend the pleadings. Plaintiff requests February 27, 2015 deadline to join parties or amend pleadings should ongoing discovery reveal the need to do so.

    2.    Pursuant to prior court order, Defendants have until May 23, 2014 to file motions to join additional parties and until May 23, 2014 to file a response to the complaint. Defendants request that both parties adhere to the March 24, 2014 deadline to join parties or amend pleadings and reserve their rights to object to any attempt to amend or add parties after the deadline previously imposed by the Court.

### E. Discovery

a. The parties anticipate that discovery will be needed with respect to the claims and defenses in this action, and with respect to issues related to class certification.

Plaintiff anticipates that the subjects for which discovery will be needed will include, but will not be limited to, the following: (1) whether defendants' acts and/or omissions constituted violations of the Connecticut Unfair Trade Practices Act; (2) whether defendants engaged in fraudulent misrepresentations with respect to defendants' change in the policy interpretation for elderly policyholders and the denial of claims for stays at assisted living facilities; (3) whether defendants engaged in negligent misrepresentations with respect to defendants' change in the policy interpretation for elderly policyholders and the denial of claims for stays at assisted living facilities (4) whether defendants' acts and omissions resulted in unjust enrichment; (5) whether defendants' acts and omissions constituted breaches of contract with policyholders; and (6) whether defendants engaged in bad faith with respect to defendants' change in the policy interpretation for elderly policyholders and the denial of claims for stays at assisted living facilities.

Defendants anticipate that discovery will be needed regarding the denial of Ms. Gardner's request for benefits, and the services provided by her chosen long term care facility as compared to policy requirements. Similar discovery may be called for as to selected other policyholders, as well as to their insurance agents, as to their chosen long term care facilities, and possibly as to other nonparties to the litigation. Such discovery, while intended to be limited and not full merits discovery, may be necessary further to explore the many reasons why the claims in this litigation turn on inherently fact-specific inquiries. Again, defendants respectfully suggest that discovery should be focused on class issues and aimed at determining the suitability of the

case for class treatment and the suitability of Ms. Gardner and her counsel to serve as class representatives.

Plaintiff also believes that because this case is a complex class action case, additional discovery will be necessary beyond the limits imposed by the Federal Rules of Civil Procedure. For instance, plaintiff believes that the limitation on the number of depositions established by Rule 30(a)(2) of the Federal Rules of Civil Procedure and the limitation on the number of interrogatories established by Rule 33(a)(1) of the Federal Rules of Civil Procedure are insufficient given the complex nature of this case, which involves numerous issues, parties, claims, and potential defenses.  Defendants agree that the case is complex, but disagree that such expansions of the Federal Rules of Civil Procedure are warranted at this class stage of the proceedings.

      b.      Plaintiff proposes that all fact discovery will be completed by February 27, 2015 and that all expert discovery will be completed by May 22, 2015.  Defendants believe that setting a full merits discovery schedule is premature before class certification is decided.  At a minimum, in view of defendants' proposed class schedule above, full merits discovery should not be completed before May 22, 2015, and full expert discovery before August 28, 2015.

      c.      Plaintiff requests that discovery not be conducted in phases.  Defendants request that discovery be phased so that class certification discovery is prioritized over full merits discovery, and that the completion of merits discovery is premature before class certification is decided.

      d.      Plaintiff proposes that all fact discovery will be completed by February 27, 2015.  Defendants believe that setting a discovery cut-off is premature before class certification is decided.

e.	Plaintiff requests a modification of the limit on depositions to allow 25 depositions of fact witnesses per side to be completed by the proposed deadline for the completion of discovery.  Defendants agree that the case is complex, but disagree that such expansions of the Federal Rules of Civil Procedure are warranted at this class stage of the proceedings.  Defendants believe that setting a schedule for all merits depositions is premature before class certification is decided and that Defendants will require approximately 6 depositions of fact witnesses regarding class certification issues.

f.	Plaintiff requests a modification of the limit on interrogatories to allow 75 interrogatories per side.  Defendants will not request permission to serve more than 25 interrogatories during the class discovery phase but may ask for permission to serve additional interrogatories after class certification has been decided.

g.	Plaintiff expects to call expert witnesses at trial.  Plaintiff proposes to designate all trial experts and to provide defendants with reports from the retained experts pursuant to Rule 26 of the Federal Rules of Civil Procedure by April 15, 2015.  Because the experts that plaintiff expects to call at trial will need to analyze the information produced during discovery in order to develop reports and to testify, plaintiff proposes that the deadline to produce such reports and for such experts to testify should be after the completion of fact discovery.  Plaintiff proposes that the deadline for the completion of expert discovery should be May 22, 2015.

h.	Defendants also expect to call expert witnesses at trial, but the need for such testimony and the scope of such testimony will be better determined once the parties know whether the case will proceed on a class basis and how that class is defined.  Accordingly, defendants believe that expert discovery on the full merits of the case is premature before class certification is decided.  Defendants may use expert witnesses in connection with their

opposition to class certification and have accounted for that possibility in their proposed schedule above.

      i.      Because plaintiff's damages analysis in this action will be performed by an expert, plaintiff proposes the exchange of a damage analysis by the deadline to exchange expert reports.  Defendants believe that a damages analysis is premature before class certification is decided, but agree any such analysis should be exchanged at the time expert reports are due.

      j.      Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.

      Attached as Exhibit A is plaintiff's proposed protocol with respect to the production of electronically-stored information, which Defendants received on March 10, 2014 and which Defendants are still evaluating.  The parties shall continue to cooperate in good faith to determine the scope and contours of e-discovery.  Plaintiff proposes that the parties discuss the terms of a proposed protective order to governing the production of documents and information containing confidential information or information protected from disclosure by claims of privilege or work-product protection.

      Defendants have taken steps to preserve all documents relating to plaintiff's coverage claim, and documents relating to Continental Casualty Company's guidelines for administering claims on plaintiff's policy form as they relate to coverage sought for stays in Connecticut

14

Managed Residential Communities and care received from Connecticut Assisted Living Services Agencies.  The parties' discussions on these issues are ongoing.

   k. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  The parties agree to the following procedures for asserting claims of privilege after production:  If any party believes that any materials, information, or tangible items are entitled to privilege or work-product protection, the party may designate such materials by notifying the opposing party in writing. The written notice must specifically identify the privileged materials, information, or tangible items by bates numbered pages where available.  In the event either party believes it has inadvertently disclosed privileged or confidential information, that party shall request its return.  The party receiving such a request shall return the information and, in the event the party does not agree with the producing party's position on confidentiality or privilege, the party may file any appropriate motion for production to the Court.

   **F.** **Dispositive Motions**

Plaintiff proposes that dispositive motions will be filed by March 31, 2015.  Defendants believe that setting a dispositive motion cut-off is premature until class certification is decided.  At a minimum, in view of defendants' proposed class schedule above, summary judgment motions should not be due before June 30, 2015.

   **G.** **Joint Trial Memorandum**

Plaintiff proposes that the joint trial memorandum be filed on June 5, 2015.  Defendants believe that setting a date for filing the joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases would be premature until class certification is decided. At a

15

minimum, in view of defendants' proposed class schedule above, no joint trial memorandum should be due before September 30, 2015.

### VI.     TRIAL READINESS

Plaintiff proposes that the case will be ready for trial by June 12, 2015. Defendants believe that setting a trial date would be premature until class certification is decided.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

    Plaintiff

    By ___/s/ Sean K. Collins_____ Date: March 10, 2014
        184 High Street, Suite 503
        Boston, MA 02110
        P: 617-320-8485
        sean@neinsurancelaw.com

    Defendants

    By /s/ Brent Austin_____ Date: March 10, 2014
       Eimer Stahl LLP
       224 South Michigan Ave.
       Suite 1100
       Chicago, IL 60604
       P: 312-660-7684
       baustin@eimerstahl.com

    By /s/ Tara L. Trifon (ct28415)_____ Date: March 10, 2014
       Edwards Wildman Palmer LLP
       20 Church Street, 20th Floor
       Hartford, CT 06103
       P: 860-525-5065
       ttrifon@edwardswildman.com