UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE ESTATE OF MARIE L. GARDNER, THE ESTATE OF FRANCIS R. COUGHLIN, M.D., THE ESTATE OF BARBARA B. COUGHLIN, JANICE B. FOSTER, and MARIE MILLER, Individually and on Behalf of All Others Similarly Situated,<br>    *Plaintiffs*,<br>    *v.*<br>CONTINENTAL CASUALTY COMPANY,<br>    *Defendant*. | Civil No. 3:13cv1918 (JBA)<br><br>December 9, 2015 |

**RULING DENYING MOTION TO AMEND**

This is a class action brought by Plaintiffs Estate of Marie Gardner, Estate of Francis B. Coughlin, Estate of Barbara B. Coughlin, Janice B. Foster, and Marie Miller on behalf of themselves and others similarly situated against Defendant Continental Casualty Company ("Continental"), alleging breach of contract and bad faith, arising out of Defendant's denial of insurance claims for Plaintiffs' stays in assisted living facilities in Connecticut. Plaintiffs now move [Doc. # 104] to amend their complaint to allege a nationwide (rather than Connecticut-wide) class. For the reasons that follow, Plaintiffs' motion is denied.

**I.   Background**

   **A.  Procedural Posture**

The procedural posture of this case is long and complex. Plaintiffs first filed their complaint [Doc. # 1] on December 27, 2013. On March 20, 2014, the Court entered a scheduling order, requiring all amended pleadings to be filed by March 24, 2014. On that date, Plaintiffs filed an amended complaint [Doc. # 17].

After a pre-filing conference held on June 9, 2014, Defendants moved [Doc. # 50] for partial dismissal of the case. In late December 2014, the parties stipulated that Defendants would withdraw their motion to dismiss if Plaintiffs amended their complaint to drop Defendant CNA Financial Corporation, as well as to drop their claims for fraudulent misrepresentation, negligent misrepresentation, unjust enrichment, "money had and received," and violation of the Connecticut Unfair Trade Practices Act. (Stip. [Doc. # 60] at 1–2.) Following that stipulation, which the Court ordered on October 22, 2014, Plaintiffs filed a second amended complaint [Doc. # 63], effectuating this stipulation.

In February 2015, the parties began to meet with a mediator to attempt to settle the case. Those efforts proved unsuccessful. The Court therefore ordered [Doc. # 87] Plaintiffs to file their motion for class certification by August 28, 2015, which was to be fully joined by October 15, 2015. On August 12, 2015, two weeks before their motion for class certification was due, Plaintiffs filed this motion [Doc. # 104] to amend their complaint to allege a nationwide class. Several weeks later, after one of the named plaintiffs passed away, Plaintiffs filed a revised second amended complaint [Doc. # 106]. In addition, they moved [Doc. # 108] for certification of the Connecticut-wide class. In early November 2015, another named Plaintiff passed away, resulting in another amended complaint [Doc. # 139], which is now the operative complaint.

### B. Motion to Amend

In their motion to amend, Plaintiffs assert that although they originally filed this case to challenge Continental's policies with respect to Connecticut assisted-living facilities, "[a]dditional investigation has revealed that [Continental's] practice of

categorically denying assisted-living facility claims is not limited to Connecticut." (Mot. to Amend [Doc. # 104] at 1.) Plaintiffs explain that "[d]uring the course of th[is] litigation, counsel for Plaintiffs were contacted by the proposed plaintiffs who similarly suffered from [Continental's] abrupt denial of claims for stays at assisted living facilities that the Company had previously covered." (*Id*. at 4.) As a result, on May 18, 2015, "[b]efore the second scheduled in-person mediation session, counsel for Plaintiffs filed [class] actions on behalf of [named] Plaintiffs [Gwen] Daluge and [Murray] Young in [the Western District of] Wisconsin[1] and [the Southern District of] Florida[2], respectively, based upon [Continental's] unfair interpretation of its long-term care insurance policies." (*Id*. at 4–5.)

On August 7, 2015, five days before Plaintiffs moved to amend the complaint in this case to add, among others, Daluge and Young, and to assert a nationwide class action, they filed an amended complaint in the Wisconsin case (*see* Daluge Compl., Ex. G to Def.'s Opp'n Mot. to Amend [Doc. # 110]), which contained "substantially similar allegations as are contained in the proposed Third Amended Complaint here." (Mot. to Amend at 5 n.5.) However, "[t]the proposed class definition in the *Daluge* action . . . excludes holders of the policies at issue within the State of Connecticut." (*Id*.)

II. **Discussion**

Plaintiffs contend that leave to amend should be granted under Federal Rule of Civil Procedure 15(a), which provides that a court "should freely give leave [to amend]

---

[1] On behalf of a Wisconsin-wide class.

[2] On behalf of a Florida-wide class (later voluntarily dismissed).

3

when justice so requires." However, as Defendants argue in response, before Plaintiffs can reach Rule 15, they must clear the hurdle of Rule 16. See *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("[D]espite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause."). Under Federal Rule of Civil Procedure 16(b)(4), "a [court-ordered] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "By limiting the time for amendments, the rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and pleadings will be fixed." *Parker*, 204 F.3d at 340 (internal quotation marks omitted).

In this two-year old case, all amended pleadings were to be filed by March 24, 2014.[3] Plaintiffs never sought an extension of time within which they could file additional amended pleadings, and the March 2014 deadline has long since passed. In order to file an amended complaint at this late juncture, Plaintiffs need to satisfy Rule 16's good cause standard which, the Second Circuit has held, "depends on the diligence of the moving party." *Id.* While district courts "may consider other relevant factors, including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants," "the primary consideration is whether the moving party can demonstrate diligence." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir.

---

[3] Plaintiffs appear to claim that no formal scheduling order was filed in this case, on the basis that their March 10, 2014 Rule 26(f) report sought a pretrial conference before entry of a scheduling order. Plaintiffs cite no authority, however, for the nonsensical proposition that a Court-ordered scheduling order has no effect if the parties requested a pretrial conference, to which they have no right, before entry of the order.

4

2007); *see also Johnson v. Bryson*, 851 F. Supp. 2d 688, 703 (S.D.N.Y. 2012) ("Whether 'good cause' exists turns primarily on the 'diligence' of the moving party in seeking to meet the deadline in the scheduling order.").

In spite of the well-settled law regarding good cause under Rule 16, Plaintiffs insist, relying on case law they have misconstrued,[4] that Rule 16's good cause standard can be satisfied by demonstrating good cause under Rule 15. (*See* Reply [Doc. # 117] at 2). The Second Circuit has stated that it cannot. *See Kassner*, 496 F.3d at 244 ("[T]he primary consideration is whether the moving party can demonstrate diligence.").

Plaintiffs' briefing addresses their claims of diligence only in passing, repeating Plaintiffs' assertions that they learned about the outside-of-Connecticut claims during the course of litigating this case and that counsel then investigated the claims.[5] (Reply at 6.) Plaintiffs offer no specific information, such as when they learned of the new claims, how

---

[4] Plaintiffs first cite *Kassner* for the proposition that the district court "'may consider . . . relevant factors including . . . whether allowing the amendment of pleading . . . will prejudice defendants'" (Reply at 2 (quoting *Kassner*, 496 F.3d at 244)), but Plaintiffs omit the preceding sentences, in which the Second Circuit stated that the "primary consideration is whether the moving party can demonstrate diligence," *Kassner*, 496 F.3d at 244. Plaintiffs cite *Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527 (E.D.N.Y. 2010) for the proposition that "'if the proposed amendments meet the requirements of Fed. R. Civ. P. 15, good cause exists to permit an extension' of any applicable scheduling deadlines." (Reply at 2 (quoting *Enzymotec*, 754 F. Supp. 2d at 537).) However, they omit the fact that prior to this statement, the court found that the moving party had exercised diligence in meeting the scheduled deadlines.

[5] Plaintiffs argue that Continental "fails to address controlling authority that declares that '[m]ere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend.'" (Reply at 6 (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).) This "controlling authority" is, however, in the Rule 15 context and provides no authority for the Rule 16 context.

5

long their investigations into those new claims took, or why they were able to file suits in Florida and Wisconsin asserting the same claims three months before moving to amend their complaint here. Nor do they respond to Defendant's contention that they knew about "most of [the new allegations] before they initiated the current litigation and almost all before the last time plaintiffs asked this Court of leave to amend." (Opp'n at 8.)

As Defendant notes, in their proposed amended complaint, Plaintiffs state that they learned that "assisted-living facilities are being denied all over the country" through a phone call with a third-party administrator of Continental's policies. (Third Am. Compl., Ex. 1 to Mot. to Amend ¶ 66.) That phone call, Defendant contends, without reply from Plaintiffs, took place in July 2013—nearly a year before the March 2014 deadline for amending pleadings in this case. (Opp'n at 8; *see* Ex. E to Opp'n.) In addition, in asserting that Continental repeatedly denied claims for assisted living facilities, the proposed amended complaint cites denial letters dated 2009, 2010, 2011, and 2014—again indicating that Plaintiffs may have known about their new claims before March 2014. (*See* Third Am. Compl. ¶¶ 35, 80, 83; Exs. G, H, J, and K to Third Am. Compl.; *see also* Third Am. Compl. ¶ 57 ("Internal [Continental] documents dated as recently as June 24, 2014 make [Continental's] position quite clear with respect to approving claims at assisted-living facilities.").) Although it is possible that Plaintiffs did not *obtain* all of these documents until after March 24, 2014, absent any showing (or even claim) by Plaintiffs that this was the case, and in light of Plaintiffs' failure to come forward with any evidence demonstrating that they were diligent in their efforts to meet

the Court-imposed deadline, the Court concludes that Plaintiffs have not met their burden of demonstrating good cause under Rule 16.[6]

### III.     Conclusion

For the foregoing reasons, Plaintiffs' Motion [Doc. # 104] to Amend is DENIED.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 9th day of December, 2015.

---

[6] The Court additionally notes that allowing Plaintiffs to amend their complaint would run afoul of the first-filed rule. Under this "well-settled principle," "where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (internal quotation marks and alterations omitted). The rule creates a "presumption" in favor of the giving the first-filed suit priority, that "may be rebutted by proof of the desirability of proceeding in the forum of the second-filed action." *Employers Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008). Here, Plaintiffs have offered no proof that it would be desirable for the new claims to be heard in Connecticut rather than Wisconsin, where they were first filed. Indeed, Plaintiffs' only response to Defendant's invocation of the first-filed rule is to argue, without citation to authority, that the doctrine does not apply because the *Daluge* action "specifically *excludes* the Connecticut claims at issue in this action." (Reply at 1.) The logic in this argument is elusive. Plaintiffs seek to add the same non-Connecticut claims here that they have raised in *Daluge*; that the *Daluge* action excludes the Connecticut claims is irrelevant.