IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------x
:
MARIE L. GARDNER, ET AL.             :        3:13 CV 1918 (JBA)
:
v.                                   :
:
CONTINENTAL CASUALTY COMPANY         :        DATE: JANUARY 13, 2016
:
------------------------------------------------------x

RULING ON PLAINTIFFS' MOTION TO COMPEL

The factual and procedural history behind this litigation is set forth in considerable detail in this Magistrate Judge's Recommended Ruling on Plaintiffs' Motion for Preliminary Injunction, filed January 8, 2016 (Dkt. #148), familiarity with which is presumed.

On October 5, 2015, plaintiffs filed the pending Motion to Compel, with brief and exhibits in support (Dkts. ##122-23),[1] as to which defendant filed its brief in opposition three weeks later, under seal. (Dkts. ##129-31, 133).[2] On November 9, 2015, plaintiffs filed

---

[1] A redacted version was filed (Dkt. #122), along with an unredacted version, filed under seal. (Dkts. ##121, 123, 150).

The following ten exhibits were attached to the declaration of plaintiffs' counsel, dated October 5, 2015: copy of Defendants' Objections and Responses to Plaintiffs' First Set of Requests for Production of Documents, dated July 9, 2014 (Exh. 1); copies of correspondence between counsel, dated September 9 and November 21, 2014 (Exhs. 2-3); copy of redacted version of defendant's Fifty State Facility Guideline (Exh. 4)(under seal); copy of excerpts from deposition, taken on July 31, 2015 (Exh. 5)(under seal); copies of e-mails between Continental employees, dated October 18, 2010, April 4-5 & 22, 2013, August 20, 2014, and March 16,2015 (Exhs. 6, 8-10)(under seal); and copy of excerpts from deposition, taken on July 29, 201 (Exh. 7)(under seal).

[2] The following six exhibits were attached: a copy of Plaintiffs' First Set of Requests for Production of Documents to Defendants, dated May 30, 2014 (Exh. A); copy of Plaintiffs' First Set of Interrogatories to Defendants, also dated May 30, 2014 (Exh. B); another copy of Defendants' Objections and Responses to Plaintiffs' First Set of Interrogatories, dated July 9, 2014 (Exh. C); copies of e-mails between counsel, dated July 8, 16-17 & 20, 2015, and January 16, 2015 (Exhs. D-E); and copy of excerpts from deposition, taken on July 31, 0215 (Exh. F)(under seal).

their brief in opposition.  (Dkts. ##140-42, 150).[3]

This file has referred to this Magistrate Judge for all discovery by U.S. District Judge Janet Bond Arterton.  (Dkts. ##124, 132).[4]

## I.  DISCUSSION

Two issues are raised in this discovery motion.

### A.  FIFTY-STATE FACILITY GUIDELINE

First, plaintiffs argue that they are entitled to defendant's Individual Long Term Care Insurance Fifty-State Facility Guideline, instead of just the version provided by defendant's third-party claims administrator, Long Term Care Group ["LTCG"], redacted to include information for Connecticut only. (Dkt. #123, at 7-13 & Exh. 4; Dkt. #131, at 6-7, 12-16; Dkt. #142, at 8-10).[5]  As defendant appropriately point out, this case concerns the long-term care insurance coverage for five Connecticut residents for stays at Connecticut MRC's.  (Dkt. #131, at 12, citing Revised Second Amended Complaint (Dkt. #106), ¶ 12).  Subsequent to the briefing for this motion, just last month, on December 9, 2015, Judge Arterton filed her Ruling Denying Motion to Amend (Dkt. #146), which denied plaintiffs' motion to allege a

---

[3]A redacted version was filed (Dkt. #141), along with an unredacted version.  (Dkts. ##140, 142, 150).

The following twelve exhibits were attached to the declaration of plaintiffs' counsel, dated November 9, 2015: copy of correspondence between counsel, dated November 21, 2014 (Exh. 1); copies of e-mails by, to, or between Continental employees, dated October 19-20, 2009, August 29, 2013, January 27, February 17, March 20, and December 14, 2014 (Exhs. 2-7)(under seal); copy of Coughlin's Authorization to Release Information, dated May 1, 2012 (Exh. 8)(under seal); copy of defendant's Privilege Log (Exh. 9)(under seal); copy of additional excerpts from deposition, taken on July 31, 2015 (Exh. 10)(under seal); and copies of letters to the Connecticut Insurance Department, dated May 10, 2010 and August 21, 2013 (Exhs. 11-12)(under seal).

[4]Currently pending before Judge Arterton is plaintiffs' Motion to Certify Class.  (Dkt. #108; see also Dkts. ##107, 109-20, 125-27, 135-37, 143-47, 149).

[5]All pagination will correspond to the page numbers assigned by CM/ECF.

nation-wide, rather than a Connecticut-wide, class.  Moreover, plaintiffs surmise that this fifty-state document will be provided to them once a class is certified in Daluge v. Continental Cas. Co., No. 3:15-cv-297 (W.D. Wis.), which concerns the remaining forty-nine states outside of Connecticut.  (Dkt. #142, at 8-9).  If the instant lawsuit is limited to Connecticut, and plaintiffs are likely to obtain the document in the Daluge litigation, there is no need for production here.

Thus, plaintiffs' motion is denied with respect to production of the unredacted Fifty-State Facility Guideline, for the reasons stated above, and for the other reasons raised by defendant.

### B.  ELECTRONICALLY STORED INFORMATION ["ESI"]

Second, the parties disagree as to the scope of review by defense counsel of the documents responsive to the agreed-upon initial ESI search terms.  As set forth in their briefs, after some negotiation, counsel agreed to a list of search terms from the e-mail of twenty-three custodians, which resulted in a return of approximately 38,000 documents; after defendant reviewed these documents for relevancy and privilege, it produced 2,214 pages, of which 274 pages consisted of copies of the complaints, with exhibits, filed in this lawsuit.  (Dkt. #123, at 5-6, 13-16 & Exhs. 6, 8-10; Dkt. #131, at 5-6, 8-12 & Exh. E; Dkt. #142, at 2-8 & Exhs. 1-9).  Plaintiffs argue that defendant "cherry-picked" these documents, "which results in an incomplete and inadequate production[,]" and cites to four documents where they contend defendant has redacted or omitted "highly relevant" materials.  (Dkt. #123, at 14-15 & Exhs. 6, 8-10).  In contrast, defendant asserts that it "has provided plaintiffs with extensive discovery over the past [twenty-two] months[,]" including 16,800 pages of documents.  (Dkt. #131, at 5).  Defendant represents that it "spent significant

resources reviewing the 38,000 documents identified as the result of the search term process," and then specifies why the redactions in the four documents mentioned by plaintiffs are not relevant. (Id. at 6, 10-12).[6] Plaintiffs have responded that they do not accept defendant's "just trust us" approach to relevancy, that "the entire exercise of agreeing on search terms was to avoid a prolonged and detailed debate over what ESI documents are 'responsive' to the discovery requests[,]" that ESI production based on search term hits only "is a common discovery practice ordered by courts," and most significantly, documents provided by LTCG are far more comprehensive and informative than those provided by defendant, confirming that defendant's "ESI production is woefully deficient." (Dkt. #142, at 2-8 (emphasis omitted) & Exhs. 1-8).

This discovery issue is one that arises with consistency in cases with extensive ESI. See, e.g., Strauch v. Computer Sciences Corp., 14 CV 956 (JBA), 2015 WL 7548506 (D. Conn. Nov. 24, 2015). The position taken by plaintiffs is simply untenable – defendant is not obligated to turn over all 38,000 documents, after a review eliminates some on the basis of privilege. (See Dkt. #142, Exh. 9). As every law school student and law school graduate knows, when performing a computer search on WESTLAW and/or LEXIS, not every case responsive to a search command will prove to be relevant to the legal issues for which the research was performed. Searching tens of thousands, and hundreds of thousands, of electronic documents is no different. The Court shares, however, plaintiffs' legitimate concern that LTCG produced different, and obviously relevant, documents that were not provided by defendant itself.

Accordingly, counsel shall confer further regarding variations of two approaches

---

[6] Defendant represents that it will produce one document that was inadvertently omitted. (Dkt. #131, at 11-12).

discussed in the Strauch Ruling – "sampling and iterative refinement" or "quick peek protocol" – of the 38,000 documents "hit" by the agreed upon search terms, and shall notify the Magistrate Judge, in writing, about their progress, or lack thereof, **on or before February 12, 2016**.[7] In the interim, **on or before January 19, 2016**, defendant shall forward to this Magistrate Judge's Chambers the unredacted versions of Exhs. 6, 8, 9 and 10 to Dkt. #123, as well as the additional production for Exh. 10,[8] for her in camera review, to determine if defendant's redactions were appropriate or overbroad with respect to those four documents.

Accordingly, plaintiff's motion is granted in limited part to the extent set forth above, without prejudice to renew as needed, with respect to ESI.

## II. CONCLUSION

Accordingly, for the reasons stated above, plaintiff's Motion to Compel (Dkt. #123) is denied with respect to production of the unredacted Fifty-State Facility Guideline, and is granted in limited part to the extend set forth in Section I.B. supra, without prejudice to renew as needed, with respect to ESI.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within**

---

[7] In the absence of any agreement by counsel, the Magistrate Judge will consider the appointment of a Special Master to review the 38,000 documents, the expense of whom shall be borne by the parties.

[8] See note 6 supra.

**fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 13th day of January, 2016.

/s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
U.S. Magistrate Judge