UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE ESTATE OF MARIE L. GARDNER, THE ESTATE OF FRANCIS R. COUGHLIN, M.D., THE ESTATE OF BARBARA B. COUGHLIN, JANICE B. FOSTER and MARIE MILLER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> CONTINENTAL CASUALTY COMPANY, <br><br> Defendant. | Civil Action No. 3:13-cv-01918-JBA <br><br><br> November 3, 2016 |

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

WHEREAS, the Plaintiffs The Estate of Marie L. Gardner, the Estate of Francis R.

Coughlin, the Estate of Barbara Coughlin, and Janice B. Foster[1] (collectively, "Plaintiffs") and

Defendant Continental Casualty Company ("Defendant" or "CNA") have entered into a

stipulation of settlement ("Stipulation") intended to resolve the litigation pending in this Court;

and

---

[1] Janice B. Foster passed away on October 2, 2016, two days after the Stipulation was entered, and Plaintiff Marie Miller has withdrawn as a class representative.

1

WHEREAS, the Court has before it Plaintiffs' Unopposed Motion For Preliminary Approval Of Class Action Settlement, together with the Stipulation attached as Exhibit A thereto; and

WHEREAS, the Stipulation, together with supporting materials, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of this action against the Defendant; and

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Stipulation were the result of good faith, arm's length settlement negotiations between competent and experienced counsel for both Plaintiffs and Defendant, as set forth on the record of October 27, 2016.

IT IS HEREBY ORDERED this 3rd day of November, 2016, as follows:

1.      The terms of the parties' Stipulation are hereby conditionally approved, subject to further consideration thereof at the Final Fairness Hearing provided for below.

2.      The Stipulation between Defendant and Plaintiffs is adopted by the Court and made part of this Order as if set out in full herein.

3.      Pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3), the proposed Classes are hereby preliminarily certified for settlement purposes only.   The Classes are defined as follows:

**Class I** includes all CNA policyholders:

(1)             who own or owned a Connecticut-issued individual LTC 1 series policy on

|      | a form numbered 15203, 16356, or 16944, or Con Care B series policy on a form numbered 59433 or 59806 ("Policies"); |
|------|---|
| (2)  | who made claims under these Policies relating to stays in managed residential communities ("MRCs") in the State of Connecticut; |
| (3)  | who were medically eligible for benefits; |
| (4)  | but were not afforded coverage for the costs and expenses relating to their stays; |
| (5)  | on the grounds that the facilities (a) were not licensed by the state and/or (b) could not legally provide 24-hour-a-day, or continuous nursing services/care and/or (c) did not provide daily medical records; |
| (6)  | who were not denied coverage for any other reason; and |
| (7)  | who suffered ascertainable damages as a result of being denied coverage. |

A member of Class I may also be a member of Class II.

**Class II** includes all CNA policyholders with Policies that are In-Force Policies and whose Policies were issued in Connecticut, New York, New Jersey, Pennsylvania, Massachusetts, or Rhode Island.

4.      Pursuant to Federal Rule of Civil Procedure 23, and for purposes of settlement only, the Court makes the following preliminary findings of fact and conclusions of law:

    a.  The Classes are sufficiently definite;

    b.  The Classes are so numerous that joinder of all Class Members is impracticable;

    c.  There are questions of law and/or fact common to the Classes;

    d.  Plaintiffs' claims are typical of the claims of the members of the Classes;

    e.  Plaintiffs and their Counsel have and will fairly and adequately represent and protect the interests of the Classes;

    f.  Plaintiffs' interests do not conflict with the interests of the Classes in the maintenance of this action;

g.  The questions of law and/or fact common to Class I predominate over the questions affecting only individual members;

h.  Certification of Class I is superior to other available methods for the fair and efficient adjudication of this controversy; and

i.  Defendant has acted or refused to act on grounds generally applicable to Class II.

5.  The Stipulation and the terms contained therein are hereby preliminarily approved as fair, reasonable and adequate.

6.  For purposes of effectuating the Stipulation, Sean K. Collins, the Law Offices of Sean K. Collins, Lionel Z. Glancy and Ex Kano S. Sams II, Glancy Prongay & Murray LLP, Louis George and Jeffrey O. McDonald, Hassett & George PC, Jeffrey S. Goldenberg, Goldenberg Schneider LPA, and Janet E. Pecquet, Beckman Weil Shepardson LLC are hereby preliminarily approved as Class Counsel.  The Estate of Marie L. Gardner, the Estate of Francis R. Coughlin, the Estate of Barbara Coughlin, and the Estate of Janice B. Foster, are hereby preliminarily approved as Class Representatives.

7.  The Court approves the proposed notices, claim form and method of dissemination of notice set forth in Section V of the Stipulation. This Notice Program, including the plan to mail notice to each individual potential Class Member, and establishment of a settlement website and toll free telephone number, meets the requirements of due process and is the best notice practicable under the circumstances.  The Notice Program shall be initiated and the Class Notices mailed no later than November 22, 2016.  Additionally, the Defendant shall

4

notify the appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005

("CAFA"), 28 U.S.C. § 1715.

8.      Defendant, or an organization designated by Defendant, shall be the Notice

Administrator to disseminate the Notice in accordance with the terms of the Stipulation and this

Order, the costs of which are to be paid by Defendant.

9.      Defendant (working with its counsel and its third party claims administrator,

Long Term Care Group, Inc.) shall serve as the Claims Administrator to facilitate administrative

matters and the distribution of payments in accordance with the terms and conditions of the

Stipulation, the costs of which are to be paid by Defendant.

10.     It is the Parties' intention that Michael Young, Esq. serve as the sole neutral

evaluator who shall fulfill the roles and responsibilities of the neutral evaluator as contained in

the Stipulation, the costs of which shall be governed by Section IV of the Stipulation.  To the

extent Michael Young becomes unable to perform this role, disputes will be resolved by a neutral

who is mutually agreeable to Lead Class Counsel and CNA Counsel. If no agreement can be

reached, then the neutral shall be appointed by JAMS as set forth in the Stipulation.

11.     In order to be considered for the Class I benefit as detailed in the Stipulation, the

members of Class I must mail the Claim Form to the address set forth on that Claim Form

postmarked by February 20, 2017.

12.     The determination of the proper amount of any payment to a Class I claimant

shall be made pursuant to Section IV of the Stipulation.

13.     Any member in Class I who wishes to be excluded from the Class must mail or deliver a written request for exclusion, in care of the address to be provided in the Class Notice, postmarked by January 27, 2017.  Either the Class Member, or a representative who has legal authority to sign for the Class Member, must sign the written request for exclusion.  CNA shall file with the Court a list of all persons who requested exclusion before the Final Fairness Hearing.

14.     Any member of Class I or Class II who wishes to object to the fairness, reasonableness or adequacy of the Stipulation must deliver to Lead Class Counsel and CNA's Counsel, and file with the Court, a statement of the objection, as well as the specific reason(s), if any, for the objection, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of the objection ("Written Objection").  Any such objections must be postmarked by January 27, 2017 and must comply with the terms of this Order to be considered by the Court.  Class Members may act either on their own or through any attorney hired at their own expense.  The Class Member, or attorney acting on his or her behalf, also must do the following no later than January 27, 2017 if they intend to appear at the Fairness Hearing:

    a.   File a notice of appearance of counsel or pro se appearance with the Court, or alternatively in the case of an unrepresented individual, deliver to Lead Class Counsel and CNA's Counsel a notice of intention to appear in the case; and

    b.   Identify any documents they will seek to introduce or witnesses they intend to call at the Final Fairness Hearing.

15.     All Written Objections filed in accordance with Section VII of the Stipulation will be considered by the Court. Any member of Class I or Class II who does not timely file and serve such a Written Objection may not be heard at the Fairness Hearing except for good cause shown.

16.     Any member of Class II, as well as any member of Class I who does not submit a valid and timely written request for exclusion from the Class, will be bound by all proceedings, orders, and judgments in this matter relating to this Stipulation, even if such Class Member has previously initiated or subsequently initiates individual litigation against CNA or Releasees or other proceedings involving the released claims

17.     Any member of Class I who does not properly and timely request exclusion from the settlement will waive and forfeit any and all rights the Class Member may have to appear separately and/or to opt out and will be bound by all the terms of the Stipulation and by all proceedings, orders and judgments in this matter.

18.     Class Counsel and Defendant's counsel shall promptly furnish each other with copies of any and all objections or written requests for exclusion that might come into their possession.

19.     Any Class Member objectors may, at their own expense, review materials produced pursuant to discovery requests in this matter at Lead Class Counsel's office, provided that such individuals shall not be given access to these materials unless and until they enter into a Stipulation and Order of Confidentiality entered by the Court and agreed upon by Class Counsel and Defendant.

20.     Defendant, including its agents or other representatives and any other retained personnel, are authorized to communicate with Class Members and other present or former policyholders about the terms of the proposed Stipulation, and to engage in any other communications within the normal course of the Company's business. Class Counsel is also authorized to communicate with Class Members about the terms of the proposed Stipulation.

21.     All members of Class II, as well as any Class I members who do not timely exclude themselves from the Class, are preliminarily enjoined (i) from filing, commencing, prosecuting, intervening in, or participating (as Class Members or otherwise) in any lawsuit in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating to such claims and causes of action, in this matter or to the released claims related to coverage under the Long Term Care Facility benefit for stays at Connecticut MRCs which are at issue in this litigation; and (ii) from filing, commencing or prosecuting a lawsuit as a class action on behalf of class members who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on or relating to the claims and causes of action, or the facts and circumstances relating to such claims and causes of action, in this matter related to coverage for stays at Connecticut MRC's or to the released claims which are at issue in this litigation.

22.     All discovery and other pretrial proceedings in this action are stayed and suspended until further order of this Court, except such things as may be necessary to implement the Stipulation and this Order.

23.     If the proposed settlement as provided in the Stipulation is not approved by the Court, or for any reason the parties fail to obtain a Final Approval Order and Judgment of Dismissal with Prejudice as contemplated by the Stipulation, or the Stipulation is terminated under its terms, then the Stipulation and all orders entered in connection therewith shall become null and void and of no further force and effect, and shall not be used or referred to for any purposes whatsoever.   In such event, the Stipulation and all negotiations and proceedings relating thereto shall be withdrawn without prejudice to the rights of any and all parties thereof, who shall be restored to their respective positions immediately prior thereto, and this Order and related filings shall have no further force and effect whatsoever, whether evidentiary or otherwise.

24.     The Fairness Hearing shall be conducted on February 28, 2017 at 1:00 p.m. in Courtroom 2 of the United States District Court, District of Connecticut, Richard C. Lee United States Courthouse, 141 Church Street, New Haven, Connecticut 06510. Class Counsel shall file their Motion for Final Approval of the Settlement, request for attorneys' fees, expense reimbursement, and Class Representative incentive awards consistent with the terms of the Stipulation no later than January 18, 2017. Class Counsel shall file a Supplemental Motion for Final Approval of the Settlement, request for attorneys' fees, expense reimbursement, and Class Representative incentive awards by February 14, 2017 in order to address any potential concerns raised by class members that were not addressed in the January 18, 2017 filing. At the Fairness Hearing, the Court will determine whether to (a) grant final certification of the Classes, (b) enter Judgment in accordance with the Stipulation, (c) approve the Stipulation as final, fair, reasonable,

adequate and binding on all Class Members who have not timely opted-out pursuant to Section

VI of the Stipulation, (d) approve the payment of reasonable attorneys' fees and costs for Class

Counsel pursuant to Section X of Stipulation, (e) approve the incentive awards proposed for the

Class Representatives pursuant to Section X of the Stipulation, (f) order the Claims

Administrator to process and pay all Valid Claims pursuant to the time frame contained in the

Stipulation, (g) order the release of all Class Members' claims pursuant to Section III of the

Stipulation, and (h) enter any such further orders (including an injunction against Class

Members filing suits as to settled claims) as the Court may deem just and necessary.


IT IS SO ORDERED.



Dated:   November 3, 2016


The Honorable Janet Bond Arterton
United States District Judge